PROVOSTY, J.
The city of Shreveport is given by its charter (Act No. 158 of 1898, p. 295) as full and complete authority over its streets and bridges as the Legislature can confer upon a city. In the exercise of this authority, it adopted the following ordinance:
“That it shall be unlawful for any person or for any railroad company to build or erect any overhead wooden bridges over any railroad in the city of 'Shreveport, or make any substantial repairs to any such wooden bridge heretofore erected; but that all such bridges shall be built of metal, stone, or concrete, or combination of the same. That any person or railroad company violdting the provisions of this ordinance shall be subject to arrest, and shall be fined in a sum,” etc.
Murphy street, one of the streets upon which there is the most traffic, is intersected by a deep cut made by the railroads, defendants in this case, and over this cut, along the bottom of which are four railroad tracks, the street is carried by a wooden viaduct constructed by the same railroads. The defendant railroads were about to repair this bridge, which had become rotten and unsafe, when the present suit was brought to enjoin them from doing so, under the above transcribed ordinance.
The defense is that the said bridge is not a menace to the public or to surrounding property, but substantial, strong, and safe, needing only ordinary repairs, and that the said ordinance is unconstitutional, illegal, null, and void, because unreasonable and ultra vires.
Judgment went in favor of defendants in the lower court. We are not advised upon what grounds. Certainly the repairs necessary to be made were not mere ordinary repairs, but “substantial,” within the purview of said ordinance. Forty per cent, of the material had to be changed. And we can see nothing unreasonable in an ordinance requiring street viaducts to be constructed, or 'reconstructed, of a material less inflammable and less liable to decay than wood.
*680 The judgment appealed from is set aside, and the injunction herein sued out is reinstated and perpetuated, at the cost of defendants.